**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **RAGAN LEE BALDOCK, and** | § | |
| **RYAN ROSS individuals,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 2:15-cv-_____** |
| | § | |
| **DL MITCHELL LANDSCAPING, INC.,** | § | |
| **a Texas Corporation and David L. Mitchell,** | § | |
| **individually,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**INTRODUCTION**

1.    This is a representative action for unpaid wages and overtime brought pursuant to

the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 216(b), and a claim for retaliation.

**JURISDICTION**

2.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq, 28

U.S.C. § 1331 and 1337, diversity jurisdiction and the doctrine of pendant jurisdiction.

**PARTIES**

3.    Plaintiffs are residents of Amarillo, Potter County, Texas, and, at times material

worked for DL Mitchell Landscaping, Inc., and David L. Mitchell, individually, at its facility in

Canyon, Texas.  He brings this action on behalf of himself and as representative of similarly

situated workers who file consents to join in this action.

4.      Defendant DL Mitchell Landscaping, Inc., may be served by serving its registered agent, David Lynn Mitchell at 7801 Star Burst Lane, Canyon, Texas 79015, and is a engaged in landscaping business or services for commerce in the State of Texas.  David Lynn Mitchell, and individual, is a resident of Canyon, Texas.  Service of process may be had upon defendants Mitchell at 7801 Star Burst Lane, Canyon, Texas 79015, or wherever he may be found.

5.      The class members are defendants other non-exempt hourly employees at any time during the three year period immediately preceding the filing of this suit.

FACTS

6.      Plaintiffs were previously employed by Price Landscaping Service when DL Mitchell Landscaping purchased Price Landscaping in October 2014.  Plaintiffs continued as employees of DL Mitchell thereafter.  Ragan Baldock terminated employment on May 15, 2015. Ryan Ross is currently employed by the Defendant DL Mitchell Landscaping, Inc., at its facility in Canyon, Texas, working there from October 2014 following the purchase of Price to date. David Lynn Mitchell controls DL Mitchell Landscaping, Inc. ("DLM"), and who controls the day to day operations and makes decisions about payroll matters and rates of pay concerning the employees of DLM.

7.      DLM, by and through David Mitchell, as well as its officers, agents, employees and representatives combined, conspired and acted through a concert of action to avoid paying overtime to its hourly employees and to retaliate against and punish those employees who complained about such treatment. It is believed the plaintiff, as well as others, including but not limited to the other non-exempt hourly workers, in the course of their employment with DLM

and during existence of this continuing conspiracy, participated in the combination, concert of action and conspiracy, whichever, hereinafter alleged and are co-conspirators.

8.      During the time of Plaintiffs employment Defendant, DLM failed to pay Plaintiffs and others similarly situated, actual overtime for hours of work they performed in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA").  David L. Mitchell regularly tells its employees that DLM does not pay for work over 80 hours in two (2) weeks and averages paid time over two week periods to avoid the payment of overtime and compliance with the FLSA.

9.      The failure to pay plaintiffs and others similarly situated their lawful overtime wages under the Fair Labor Standards Act included the previous practice of averaging paid time over a two week period to stay under 80 hours in two weeks although the employees worked over 40 hours in any one week but they were not paid due to the averaging over two weeks.

10.     The most recent scheme employed by the defendants to avoid properly paying non-exempt hourly workers comes following the settlement of Thomas Dallman v. DL Mitchell Landscaping, et al, Cause No. 2:14-cv-00203-J, U.S.D.C., Amarillo Division.  Upon the resolution of the previous case the defendants unilaterally imposed a contrived compensation package that was described to the employees as a "piece work" method of compensation.  In this unlawful scheme the defendants arbitrarily and unilaterally assign a specified time for each lawn to be mowed.  The employees have no input or say about these arbitrary times assigned to various lawns. That arbitrary time is unilaterally assigned to the work crew to complete the mowing of the assigned lawn within the assigned time allotted to the specific lawn.  This practice is unlawful and does not allow nor contemplate unforseen events, lawn conditions and whether it is wet or not, among others.   The foregoing plan penalizes the non-exempt hourly workers and

does not compensate them for all their time worked during the work day but is a method to avoid the FLSA and deprive the workers of their earned wages and unjustly enrich the defendants. Specifically, the workers are required to do the following each day:

> a) Arrive at the Mitchell facility each morning at 7:30 a.m.;
>
> b) Fill up their assigned equipment with gas an insure that it is operational;
>
> c) If parts, tires, repairs are required the employees have to repair the equipment, go by Proffit's Mower and parts store and secure the parts needed and make the repairs;
>
> d) Then mow the assigned laws for the day within the time frame assigned by defendants - which is sometimes impossible to accomplish within the assigned time due to conditions or the crew has to cut corners to finish their job in the time assigned; and
>
> e) Return to the defendants shop at the end of the day at approximately 6:00 p.m.

The foregoing activities are preformed five (5) days a week and the defendants never pay their employees for all time worked during the work day and do not pay overtime properly – if at all in many instances.  The foregoing activities constitute work during the work day which the defendants are required to compensate the plaintiffs and other workers similarly situated.

11.    The defendants manipulate the hours worked reflected on the electronic time sheets maintained by the phone app system by which the employees are required to record their time.  When errors are pointed out to defendants the defendant(s) say they will pay the back-pay owed and correct the problem but they don't.  Further, when the Dallmann case was settled the defendants advised the other workers that the defendants would pay them the back pay owed that arose out of the prior practice of averaging hours to reduce wages in the scheme employed by defendants to unlawfully avoid paying overtime over two week spans by averaging the time over 40 hours within one week to deprive the workers of their earned overtime pay.

12.     Similarly situated individuals working in the production of goods or services for commerce at the Defendants' facility in Canyon, Texas, and at job sites to which they are dispatched by their employer, were deprived of their lawful regular wages and their overtime wages under the Fair Labor Standards Act in the same manner as Plaintiff.  This action is brought on behalf of those similarly situated workers.

13.     The Defendants' failure to pay Plaintiff and similarly situated workers their lawful wages including but not limited to overtime wages required by the Fair Labor Standards Act was and is willful.  Despite their knowledge that time spent performing their daily activities for the benefit of DLM, particularly those hours spent working over forty (40) hours per week, and for hours not paid under the new "piece method" of pay employed by the defendants constituted work and is compensable time.  The Defendants have failed and refused to pay overtime. The Defendants acting in concert with their employees at DLM, have threatened it is believed, to fire employees and have recently implemented an arbitrary system of writing up employees as a pretext for terminating them when they questions their method of pay especially the "piece work" method recently put in place.  These practices are retaliation and are unlawful, and it is believed in retaliation whenever an employee complained or complains of the non-payment of their regular pay and/or proper overtime.  The foregoing activities performed by the workers are compensable time under the FLSA. Defendants took no steps to compensate workers at its facility in the State of Texas for this time and, on information and belief, took no steps to compensate workers at its facility for this time in violation of the law.

**REPRESENTATIVE ACTION**

14.     Plaintiff brings action on behalf of himself and all similarly situated employees of

DLM controlled by David Mitchell who is an employer for purposes of the FLSA.  Plaintiffs

request that notice be issued to those employees informing them of their right to file consents to

join in this action.

**CAUSES OF ACTION**

**COUNT I**
**FLSA**

Ragan Lee Baldock and Ryan Ross, for their Count I of this Complaint, inclusive of the

foregoing, alleges and states:

15.     Plaintiffs and similarly situated workers are entitled to relief pursuant to 29 U.S.C.

§ 216(b) of the Fair Labor Standards Act for unpaid regular wages, overtime, damages,

reasonable attorneys fees and costs.

**COUNT II**

**Tort of Retaliation for Complaining About**
**Overtime and Working Conditions**

In addition to the foregoing and as Count II of this Complaint, Plaintiffs reallege herein as

though repeated in full each allegation contained in paragraphs 1 through 13, inclusive and,

further, Plaintiffs allege and state:

16.     This Court has jurisdiction of Count II under Section 215(a)(3) of Title 29 U.S.C.

and Section 1332 U.S.C. (28 U.S.C.A., Section 1332) and the principles of pendant jurisdiction.

The matter in controversy exceed the sum of $75,000.00, it is believed, exclusive of interest and

cost.

17.     In 2014 it is believed DLM fired at least one worker for complaining about working conditions and the company's refusal to pay overtime and have retaliated against others for doing the same.

18.     DL Mitchell Landscaping, at the direction of David Mitchell and acting through its management regularly discriminate against employees by placing them in unfavorable positions at work by unilaterally assigning arbitrary times to mow assigned lawns that do not contemplate realistic times to accomplish the work as a means of punishment for complaining about working conditions. Occasionally the company has over paid a worker, then holds it out of his paycheck for repayments but does not adjust the withholding tax the company withheld. This behavior by the Defendants constitutes unlawful conduct and violates the FLSA.

19.     Plaintiffs have been damaged as a result, both actual and punitive damages, reasonable attorney fees and costs for which he herein sues.

20.     Plaintiffs and class members are entitled to have the limitations period extended to three years due to the fact that defendants actions were willful.  29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court:

a.      Issue notice to all similarly situated employees of DLM informing them of their right to file consents to join in this action;

b.      Declare that Plaintiffs and similarly situated workers who file consents to join this suit are entitled to pay for all of their FLSA-defined hours of work, including all hours worked over 40 hours in one week;

c.      Awarding Plaintiffs and similarly situated workers who file consents to join in this suit, their unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week, an equal amount of liquidated damages, attorneys fees and costs of suit and such other relief as this Court deems just and proper;

d.      Award Plaintiffs and similarly situated workers who file consents damages and costs for retaliation and outrageous conduct;

e.      Damages and attorney fees for causes under pendant jurisdiction as pled; and

f.      Such other and further relief as the Court deems just and proper.


Respectfully submitted,

LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
2700 S. Western St., Suite 1000
Amarillo, Texas 79109
806-371-9110 - Telephone
806-373-9029 - Facsimile

-and-

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

*/s/ Philip R. Russ*
Philip R. Russ Bar No. 17406000


## JURY DEMAND

Plaintiffs herewith demand a trial by jury.

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ragan Lee Baldock and Ryan Ross, individuals

**DEFENDANTS**

DL Mitchell Landscaping, Inc., a Texas Corporation, and David L. Mitchell, individually.

**(b)** County of Residence of First Listed Plaintiff   Potter
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip R. Russ 2700 S. Western, Suite 1200, Amarillo TX 79109, 806-358-9293; Jerry D. McLaughlin, 2700 S. Western, Suite 1000, Amarillo, Texas 79101, 806-371-9110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA, 29 U.S.C. Section 216(b)
Brief description of cause:
unpaid wages/overtime

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

(See instructions)

JUDGE

DOCKET NUMBER

DATE  5/22/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____